

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

QUARON BROWN,

Defendant.

13-CR-302

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

I. **Introduction**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a Guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On May 12, 2014, defendant Quaron Brown was convicted, following a jury trial, for his role in a marijuana distribution conspiracy. The jury found Mr. Brown guilty for Count 1

1

(conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana) and Count 2 (distribution of and intent to distribute marijuana). *See* 21 U.S.C. §§ 846, 841(b)(1)(B), 841(b)(1)(D).

On August 19, 2014, Mr. Brown was sentenced. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

## II.  Offense Level and Category

Counts 1 and 2 were grouped, per U.S.S.G. § 3D.1.2(d).

The base offense level is 26, as required by U.S.S.G. § 2D1.1(c)(7), which applies to offenses involving more than 100 kilograms of marijuana but less than 400 kilograms.

The offense level was upwardly adjusted by 2 points, for defendant's role in maintaining Tucson residences for the purposes of distributing a controlled substance. *See* U.S.S.G. § 2D1.1(b)(12).

The offense level was reduced by 2 points under new sentencing guidelines that become effective November 2014; defendant agreed to forgo a motion under 18 U.S.C. § 3582(c) after the new guidelines come into effect.

The total adjusted offense level is 26. The criminal history category is II. The Guidelines range is 70-87 months.

### III. Sentencing Options

#### a. Incarceration

The minimum term of imprisonment for Count 1 is five years and the maximum term is 40 years. *See* 21 U.S.C. § 841(b)(1)(B). The maximum term of imprisonment for Count 2 is five years. *See id.* at § 841(b)(1)(D).

#### b. Supervised Release

For Count 1, the court must impose a term of supervised release of at least 4 years and not more than 5 years. *See* 21 U.S.C. § 841(b)(1)(B); U.S.S.G. § 5D1.1(a).

For Count 2, the court must impose a term of supervised release of at least 2 years and not more than three years. *Id.*

Multiple terms of supervised release shall run concurrently. 18 U.S.C. § 3624(e).

#### c. Probation

By statute, Mr. Brown is ineligible for probation for Count 1. U.S.S.G. § 5B.1(b)(2). For Count 2, the defendant is ineligible for probation because the applicable guidelines range is in Zone D of the Sentencing Table.

#### d. Fine

For Count One, the maximum fine under the statute is $5,000,000. 21 U.S.C. § 841(b)(1)(B). For Count Two, the maximum fine under the statute is $1,000,000. 21 U.S.C. § 841(b)(1)(D).

For each count, a special assessment of $100 is mandatory. 18 U.S.C. § 3013.

The Guidelines fine range for this offense is $20,000 to $6,000,000. The Court may impose a fine up to the maximum allowed by the statute by which defendant was convicted. U.S.S.G. § 5E1.2(c)(4).

## IV. Sentence

Defendant was sentenced to five years in prison, concurrent on two counts, and to three years of supervised release, concurrent. A $100 special assessment was imposed for each count; therefore, $200 is payable. There was no fine and no requirement to pay any costs of prosecution because defendant does not have any assets, and it is unlikely that he will have any in the foreseeable future.

In so ruling, respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing.

## V. Context

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See Id.* § 3553(a)(1). Mr. Brown was convicted on two counts for his major role in a conspiracy to distribute marijuana. These are serious offenses.

Mr. Brown, now 38 years old, grew up under difficult circumstances. He was placed in foster care beginning at age six and remained for most of his childhood. He was physically and sexually abused while in foster care. His mother, who was a drug addict, died from a heroin overdose when he was ten; his father was absent.

Despite these circumstances, Mr. Brown obtained a GED. For the last five years he has resided with his partner, with whom he has two minor children. He is a good father and cares for both their children and his partner's two children. He has six other children from previous relationships; he voluntarily pays child support for two of the minor children but is in arrears for court-ordered child support for one minor child for an unknown amount.

Mr. Brown has been in two motorcycle accidents and suffers from residual pain. He has a history of alcohol and marijuana abuse, for which he has sought treatment. He is mentally stable.

Mr. Brown is highly intelligent and respectful. If he had avoided criminal conduct, he may have been able to make a good adjustment to a legal and lawful life.

Under Section 3553(a)(2)(B) of Title 18, a sentencing court must consider two major factors: general and specific deterrence. General and specific deterrence are achieved by the sentence imposed. Defendant will serve five years in prison, and live with a felony conviction and its collateral consequences.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: September 2, 2014
Brooklyn, New York